IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIE CLAY MEANS,

    Petitioner,

vs.

No. 15-2067-STA-tmp

D.R. STEPHENS,

Respondent.

___

ORDER GRANTING MOTION TO AMEND
(ECF No. 7)
ORDER GRANTING MOTION TO SUPPLEMENT
(ECF No. 9)
ORDER DENYING MOTION FOR PROMPT DISPOSITION AS MOOT
(ECF No. 8)
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
___

On January 26, 2015, Petitioner Willie Clay Means, Bureau of Prisons register number 15566-058, who is currently an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition ("Pet."), ECF No. 1.) On February 3, 2015, Means paid the filing fee. (ECF No. 5.) The Clerk shall record the respondent as Warden D.R. Stephens.

I.     PENDING MOTIONS

On May 29, 2015, Petitioner Means filed a motion seeking leave to amend his petition. (Motion ("Mot."), ECF No. 7.) Means alleges that based on the holding of *DesCamps v.United States*, ___U.S. ___, 133 S Ct. 2276 (2013), the following cases are similarly situated to his case:

*Lewis v. Holland*, 2014 U.S. Dist. Lexis 163673 (6th Cir. 2014) and *McClurge v. Hogston*, 2010 U.S. Dist. LEXIS 57164 (6th Cir. 2010). The motion to amend with additional legal citations (ECF No. 7) is GRANTED.

On December 14, 2015, Petitioner filed a motion to supplement his petition with a claim of actual innocence under the holding of *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013). (Mot., ECF No. 9) The motion to supplement the petition with an additional claim and legal authority is GRANTED.

On September 24, 2015, Petitioner filed a motion seeking prompt disposition of his petition. (Mot., ECF No. 8.) This order disposes of Petitioner's claims. The motion is DENIED as MOOT.

II.  BACKGROUND

   A.  Federal Criminal Case Number 2:95-cr-00129-SLC-TMP-1 (N.D. Ala. 1996)

On May 11, 1995, a federal grand jury returned a 129-count indictment in the Northern District of Alabama charging Means with numerous drug trafficking and laundering offenses. *United States v. Means*, No. 2:95-cr-00129-SLC-TMP-1 (N.D. Ala. May 29, 1996). (*Id.*, Criminal ECF No. 1.) A 129-count superseding indictment was returned on July 13, 1995 (*Id.*, ECF No. 250). On March 18, 1996, Means was convicted of thirty-four counts after a 23-day jury trial. (*Id.*, ECF Nos. 618-624). On May 29, 1996, Means was sentenced to life in prison on seven counts of convictions and sentenced to terms ranging four to sixty years on the remaining counts. (*Id.*, ECF No. 702). Means appealed and the Eleventh Circuit affirmed. (*Id.*, ECF Nos. 946, 1014, *United States v. Means*, 77 Fed. App'x 509 (11th Cir. Apr. 2, 1998); *cert. denied*, 96-6572 (May 12, 1999)).

Means filed multiple post-judgment motions to dismiss his indictment based on the unconstitutionality of 21 U.S.C. §§ 841 and 846, violation of the speedy trial act, because of selective prosecution and discrimination, as failing to set forth all facts constituting an offense, and based upon the government's failure to comply with a statute. (*United States v. Means*, No. 2:95-cr-00129-SLC-TMP-1, ECF Nos. 1248, 1265, 1274, 1290). Means also filed a motion to modify his term of imprisonment. (*Id.*, ECF No. 1289.)

Means filed a motion to vacate his conviction under 28 U.S.C. § 2255 which was denied without an evidentiary hearing. (*Id.*, ECF Nos. 1100, 1391, 1429 (Feb. 26, 2004)). All other post-judgment motions were also denied. (*Id.*, ECF Nos. 1396; 1429). The Eleventh Circuit denied a certificate of appealability. (*Id.*, D.E. 1483, Dec. 27, 2004).

Undeterred, Means filed additional post-judgment motions, including a second motion to vacate and motions to reduce his term of imprisonment which were denied by the district judge. (*Id.*; ECF Nos. 1487, 1492, 1496, 1508, 1559, 1600, 1609-10, 1653, 1672, 1742, 1759-60).

B.  Case No. 2:08-cv-2285-STA-tmp (W.D. Tenn. 2009)

On April 30, 2008, Means filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. (*Means v. Castillo*, No. 2:08-cv-2285-STA-tmp (W.D. Tenn. 2009), *Id.*, Pet., ECF No. 1.) He contended that his conviction was unconstitutional and his judgment was void because the judge, not the jury, determined the type and quantity of his drugs. (*Id.*) Means also alleged that his sentence violated the Ex Post Facto clause and exceeded the maximum prescribed by his applicable sentencing guideline range. (*Id.*) He amended the petition to include claims that his conviction violated the Confrontation Clause of the Fifth Amendment, that he received a life sentence "based on than [sic] 50 grams charged by indictment," that he and trial counsel had a conflict of interest, that the grand jury exceeded its

life expectancy, that he received ineffective assistance of trial and appellate counsel, that he was subjected to selective prosecution, that the government committed breaking and entering, and that the government intimidated grand jury witnesses. (*Id.*, Mot., ECF No. 4) On February 13, 2009, this Court determined that Means was not entitled to relief and dismissed all claims. (*Id.*, Order, ECF No. 5.) Judgement was entered on February 17, 2009. (*Id.*, Judgment, ECF No. 6.) Means appealed and the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. (*Id.*, Notice of Appeal, ECF No. 9, Order, ECF No. 11.)

    C.    Pending § 2241 Petition

On January 26, 2015, Means filed the instant petition contending that he is entitled to relief from his sentence because his presentence report contained erroneous information about his prior convictions and contending that he is also entitled to relief from his sentence under the holdings of *DesCamps v. United States*, ___U.S. ___, 133 S Ct. 2276, 186 L. Ed. 2d 438 (2013) and *McQuiggin v. Perkins*, ___U.S.___, 133 S. Ct. 1924 (2013). (Pet., ECF No. 1, Mot., ECF No. 7, Mot., ECF No. 9.)

III.    ANALYSIS

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The "savings clause" to § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in

4

the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). In this case, Petitioner is attacking the imposition of his sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. Petitioner carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 758) (additional citation omitted).

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas

5

petitions."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has not permitted prisoners to use the savings clause to attack their sentences. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin*."); *Peterman*, 249 F.3d at 461-62 (challenges that a sentence is not supported by adequate factual findings do not fall within the "savings clause"); *see also Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentence claims."); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Jones argues that the exception applies to his first claim because the Supreme Court narrowed the definition of what constitutes a violent felony for purposes of determining armed career criminal status in *Begay v. United States*, 553 U.S. 137 (2008). Under this new law, he argues, he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm. Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."), *cert. denied*, ___ U.S. ____, 133 S. Ct. 1632, 185 L. Ed. 2d 633 (2013); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241."); *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) ("[T]he 'actual innocence' exception of the savings clause of § 2255 is actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor.") (additional internal

quotation marks omitted); *Kellogg v. Snyder*, 48 F. App'x 114, 115-16 (6th Cir. 2002) (rejecting challenge to sentence as a career offender under § 2241 because prisoner did not show that § 2255 remedy was inadequate or ineffective).

Means is not entitled to relief on this § 2241 petition for several reasons. First, as previously noted, the claims asserted in this petition challenge his conviction and the imposition of his sentence. Second, the Supreme Court has not held that *Descamps* is retroactive to cases on collateral review. Courts in this Circuit have held it has no retroactive application to such cases. *See Jordan v. Butler*, Civ. Action No. 6:14-159-DCR, 2014 WL 6775239, at *3 (E.D. Ky. Dec. 2, 2014); *Hill v. United States*, Civ. No. 04-1134-JDT-egb, 2014 WL 5460626, at *2 (W.D. Tenn. Oct. 27, 2014); *Foster v. United States*, Nos. 1:11-cv-184, 1:07-cr-72, 2014 WL 4450143, at *9 (E.D. Tenn. Sept. 10, 2014). Third, Means has no valid argument that, he is actually innocent of the offenses for which he is currently serving time. He contends that he is innocent of his sentencing enhancement as a career offender. (Mot., ECF No. 9.) Means has presented no argument that undermines his conviction or sentence.

Because Means is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DISMISSED. Judgment shall be entered for Respondent.

IV. APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241

is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

Entered this 23rd day of February 2016.

            **s/ S. Thomas Anderson**
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE